# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

Case No.   CV 12-3129 UA (SS)                    Date: May 22, 2012
                                                 Page 1 of 3

Title:   Samuel L. Caldwell v. Torrance L. Porch, et al.,

---

DOCKET ENTRY: **ORDER TO SHOW CAUSE WHY PLAINTIFF'S CLAIMS ARE NOT BARRED BY THE DOCTRINE ANNOUNCED IN HECK v. HUMPHREY**

---

PRESENT:

**HONORABLE SUZANNE H. SEGAL, UNITED STATES MAGISTRATE JUDGE**

  Jacob Yerke              None                    None
  Deputy Clerk      Court Reporter/Recorder       Tape No.

  ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANTS:

     None Present                          None Present

**PROCEEDINGS: (IN CHAMBERS)**

On April 10, 2012, Samuel L. Caldwell ("Plaintiff"), a California state prisoner proceeding pro se, submitted a Civil Rights Complaint pursuant to 42 U.S.C. § 1983 (the "Complaint") and an application to proceed in forma pauperis ("IFP"). However, Plaintiff's claims in the Complaint appear to be barred by the doctrine announced in Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994).

In Heck, the Supreme Court held that a §1983 complaint must be dismissed if judgment in favor of the plaintiff would undermine the validity of his conviction or sentence, unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. Heck, 512 U.S. at 486-87.

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Case No.     CV 12-3129 UA (SS)                    Date: May 22, 2012
                                                    Page 2 of 3

Title:     Samuel L. Caldwell v. Torrance L. Porch, et al.,

> executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

Id. at 486-87 (footnote and citation omitted); see also Lockett v. Ericson, 656 F.3d 893, 896 (9th Cir. 2011).

In the Complaint, Plaintiff alleges that he was arrested and charged with making terrorist threats based on a false police report filed by Officer Torrance L. Porch. (Complaint at 1). Specifically, Plaintiff alleges that Officer Porch conspired with officers from both the Compton and Hawthorne Police Departments to have Plaintiff arrested and charged on false grounds. (Id. at 5-6). However, Plaintiff also asserts that "no charges were ever filed against [him] because [the defendants] never submitted the allegations to the District Attorney's Office." (Id. at 5). Thus, it is unclear whether Plaintiff was ever prosecuted and/or convicted for the conduct related to his claims. Plaintiff is currently incarcerated in Wasco State Prison, but the Complaint does not identify the basis for Plaintiff's current sentence.

Accordingly, Plaintiff is **ORDERED TO SHOW CAUSE**, within fourteen (14) days of the date of this Order, why his claims are not barred by the doctrine announced in Heck v. Humphrey. Plaintiff may satisfy this Order by filing a declaration, signed under penalty of perjury, explaining the basis of his current conviction for which he is incarcerated. Plaintiff should specifically state whether he was ever prosecuted and/or convicted for the conduct related to his claims and whether that conviction has been set aside or reversed.

**Plaintiff is explicitly cautioned that failure to timely file a Response will result in a recommendation that this action be dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).**

\\
\\
\\

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Case No.     CV 12-3129 UA (SS)                    Date: May 22, 2012
                                                    Page 3 of 3

Title:     Samuel L. Caldwell v. Torrance L. Porch, et al.,

    **Instead of filing a response, if Plaintiff no longer wishes to pursue this action, he may voluntarily dismiss it by filing a notice of dismissal in accordance with Federal Rule of Civil Procedure 41(a)(1).  A sample notice is attached to this Order.**

    The Clerk of the Court is directed to serve a copy of this Order upon Plaintiff at his current address of record.

MINUTES FORM 11
CIVIL-GEN                                                                Initials of Deputy Clerk ___