1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

SAMUEL L. CALDWELL,               )   NO. CV 12-3129 JVS (SS)
                                  )
                Plaintiff,        )
                                  )   **MEMORANDUM AND ORDER DISMISSING**
           v.                     )
                                  )   **FIRST AMENDED COMPLAINT WITH LEAVE**
TORRANCE L. PORCH, et al.,        )
                                  )   **TO AMEND**
                Defendants.       )
_____  )


## I.

## INTRODUCTION

On July 18, 2012, Samuel L. Caldwell ("Plaintiff"), a California state prisoner proceeding pro se, filed a First Amended Complaint ("FAC") alleging violations of his civil rights pursuant to 42 U.S.C. § 1983.  For the reasons stated below, the FAC is dismissed with leave to amend.[1]

---

[1]   Magistrate Judges may dismiss a complaint with leave to amend without approval of the district judge.  See McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991).

Congress mandates that district courts perform an initial screening of complaints in civil actions where a prisoner seeks redress from a governmental entity or employee.  28 U.S.C. § 1915A(a).  This Court may dismiss such a complaint, or any portions thereof, before service of process if it concludes that the complaint (1) is frivolous or malicious, (2) fails to state a claim upon which relief can be granted, or (3) seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1-2); see also Lopez v. Smith, 203 F.3d 1122, 1126-27 & n.7 (9th Cir. 2000) (en banc).

## II.

### ALLEGATIONS OF THE COMPLAINT

Plaintiff alleges that the following four individuals violated his civil rights:  (1) City of Hawthorne Police Department Detective Arias, Badge No. 05035; (2) City of Hawthorne Police Department Officer Jackson; (3) Compton School Police Department Officer Torrance L. Porch; and (4) Compton School Police Department Investigator Herman L. Stamply. (FAC at 3-4).  Each of the individually named Defendants is sued in his individual and official capacities.  (Id.).  In addition, the caption of the FAC lists as Defendants "Compton School Police Department" and "Hawthorne Police Department," although neither of these departments is included in the section of the FAC that is specifically for the identification of defendants.  (Id. at 1, 3-4).

Although Plaintiff's allegations are not always clear, the FAC appears to assert that on July 8, 2011, Plaintiff filed a Citizen's Complaint against Officer Porch with the Compton School Police

Department.  (FAC at 1, 13-14).[2]  The Citizen's Complaint alleged that Officer Porch had sent threatening text messages to Plaintiff, who was in the process of divorcing Officer Porch's sister.  (Id. at 13).  Officer Porch specifically threatened in one message to have a warrant issued against Plaintiff for making a terrorist threat and committing "strongarm robbery" if Plaintiff did not return a cell phone to Officer Porch's sister.  (Id.).

On September 14, 2011, Plaintiff spoke with Investigator Stamply about the status of the Compton School Police Department's investigation of Officer Porch.  (Id. at 1).  Investigator Stamply told Plaintiff that he "vaguely" recalled his Citizen's Complaint and needed to see the actual messages stored on Plaintiff's cell phone.  (Id.).  Plaintiff and Investigator Stamply agreed to meet the next day at Compton School Police Department headquarters.  (Id.).  Investigator Stamply was "the only person" who knew that Plaintiff would be there on that day.  (Id.).

As soon as Plaintiff arrived at Compton School Police Headquarters on September 15, 2011, Detective Arias and Officer Jackson of the Hawthorne Police Department "bolted into the lobby" of the building, "grabbed" Plaintiff, took his property, searched him and his vehicle, handcuffed him, and transported him to the Hawthorne Police Station without showing Plaintiff a warrant.  (Id.).

Plaintiff claims that Officer Porch carried out a "vendetta" against him on behalf of Officer Porch's sister (and Plaintiff's soon-

---

[2]  The Court will cite to the FAC and its attachments as though they formed a single, consecutively paginated document.

1   to-be ex-wife).   (Id. at 5).   Based on Officer Porch's "fictious
2   report," and apparently on information provided by Investigator Stamply
3   as to Plaintiff's specific whereabouts, Detective Arias and Officer
4   Jackson arrested Plaintiff without a warrant and without following
5   "proper police procedure."   (Id. at 1, 5).   Additionally, following
6   Plaintiff's arrest, Investigator Stamply sent a letter to Plaintiff
7   under a "false" signature that "falsely" stated that an investigation of
8   Office Porch had been conducted and completed, and informing Plaintiff
9   that no disciplinary action would be taken as a result of Plaintiff's
10  Citizen's Complaint.   (Id. at 5).

11

12      Plaintiff seeks "punitive" damages of "$750,000.00 per department
13  as well as a thorough investigation into both departments' conduct."
14  (Id. at 6).

15

16                                  **III.**

17                               **DISCUSSION**

18

19      Under 28 U.S.C. § 1915A(b), the Court must dismiss Plaintiff's FAC
20  due to defects in pleading.   Pro se litigants in civil rights cases,
21  however, must be given leave to amend their complaints unless it is
22  absolutely clear that the deficiencies cannot be cured by amendment. See
23  Lopez, 203 F.3d at 1128-29.   Accordingly, the Court grants Plaintiff
24  leave to amend, as indicated below.
25  \\
26  \\
27  \\
28  \\

                                    4

A.   **The FAC Fails To State A Claim Againt The Individually Named Defendants In Their Official Capacity**

The FAC purports to sue Officer Porch, Investigator Stamply, Officer Jackson and Detective Arias in both their individual and official capacities. (FAC at 3-4). A suit against a defendant in his individual capacity "seek[s] to impose <u>personal</u> liability upon a government official for actions he takes under color of state law. . . . Official-capacity suits, in contrast, generally represent only another way of pleading an action against an entity of which an officer is an agent." <u>Kentucky v. Graham</u>, 473 U.S. 159, 165, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985) (internal quotation marks omitted; emphasis added); <u>see also</u> <u>Community House, Inc. v. City of Boise, Idaho</u>, 623 F.3d 945, 966-67 (9th Cir. 2010) (an official capacity suit is treated as a suit against the entity). To the extent that Plaintiff's allegations against the individually named Defendants in their "official capacity" may be construed as an attempt to sue the cities of Compton and Hawthorne, however, the FAC fails to state a claim and must be dismissed with leave to amend.

A local government is liable in a section 1983 action only if the plaintiff can establish that the municipality or county sued "had a deliberate policy, custom, or practice that was the 'moving force' behind the constitutional violation he suffered." <u>Galen v. County of Los Angeles</u>, 477 F.3d 652, 667 (9th Cir. 2007) (quoting <u>Monell v. Dep't of Soc. Servs.</u>, 436 U.S. 658, 694-95, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978)). In <u>Monell</u>, the Supreme Court specifically rejected governmental liability based on the doctrine of <u>respondeat superior</u>, or

5

vicarious liability.  Monell, 436 U.S. at 691-94.  Therefore, a local government cannot be held liable under section 1983 merely because one or more of its employees violated a person's rights.  Id.

The FAC does not identify, as required by Monell, any specific municipal policies or practices in the cities of Compton and Hawthorne that caused Plaintiff's alleged injuries.  Indeed, Plaintiff claims that Detective Arias is liable because he did not "follow [proper] police procedure," which appears to imply that Plaintiff's injury was not the result of a Hawthorne city policy or practice.  Plaintiff is cautioned that "[a] plaintiff cannot prove the existence of a municipal policy or custom based solely on the occurrence of a single incident of unconstitutional action by a non-policymaking employee." Davis v. City of Ellensburg, 869 F.2d 1230, 1233 (9th Cir. 1989); see also Trevino v. Gates, 99 F.3d 911, 918 (9th Cir. 1996) ("Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy.").  In any amended complaint, Plaintiff must either identify the specific municipal policies or practices that caused his injury or limit his suit to claims against the individually named Defendants in their individual capacity only.

**B.    The Compton School Police Department and the City of Hawthorne Police Department Are Not Proper Defendants**

Section 1983 provides a cause of action against any "person" who, under color of state law, deprives an individual of federal

6

constitutional rights or limited federal statutory rights.  42 U.S.C. § 1983.  The term "person" includes state and local officials sued in their individual capacities and local governments.  Cortez v. County of Los Angeles, 294 F.3d 1186, 1188 (9th Cir. 2002); Vance v. County of Santa Clara, 928 F. Supp. 993, 995-96 (N.D. Cal. 1996).  It does not, however, encompass "sub-units" of local governments such as municipal departments or agencies.  See United States v. Kama, 394 F.3d 1236, 1239 (9th Cir. 2005) (Ferguson, J., concurring) (municipal police departments and bureaus are generally not considered "persons" within the meaning of section 1983); Morales v. City of Delano, 2010 WL 2942645 at *3-4 (E.D. Cal. July 23, 2010) (collecting cases holding that municipal sub-units, such as police departments, are not "persons" under section 1983).

Even if Plaintiff is able to identify city policies that caused his injury, it is clear that the Hawthorne Police Department and the Compton School Police Department, as sub-units of the cities of Hawthorne and Compton, respectively, are not proper defendants in Plaintiff's section 1983 action.  Accordingly, the FAC must be dismissed with leave to amend.  Plaintiff is instructed to omit the Hawthorne Police Department and Compton School Police Department as Defendants in any amended complaint to the extent his claims are based on civil rights violations.

C.   **The FAC Fails To Allege Sufficient Facts To State A Claim For Conspiracy**

The FAC alleges that Officer Porch "carried out a vendetta" against Plaintiff and intermittently appears to imply, without clearly stating, that the individually named Defendants engaged in some sort of

conspiracy.   (FAC at 5).   To establish a conspiracy based upon a violation of civil rights, a plaintiff must demonstrate "the existence of an agreement or 'meeting of the minds' to violate constitutional rights." Mendocino Envtl. Ctr. v. Mendocino County, 192 F.3d 1283, 1301 (9th Cir. 1999) (internal quotation marks omitted).   "The defendants must have, by some concerted action, intend[ed] to accomplish some unlawful objective for the purpose of harming another which results in damage." Id. (internal quotation marks omitted).   This agreement may be inferred from circumstantial evidence, including the actions of the defendants or a showing that defendants committed acts that they would not likely have undertaken absent an agreement.   Id.

Plaintiff fails to allege facts sufficient to support a conspiracy claim.  Plaintiff does not clearly state what the purpose of the alleged conspiracy was, e.g., to harass Plaintiff for his treatment of Officer Porch's sister, to exonerate Officer Porch of the charges in Plaintiff's Citizen's Complaint, or some other goal, and does not identify what the Defendants allegedly agreed to do in furtherance of the conspiracy. Indeed, it is not clear from the FAC that any Defendants besides Officer Porch were even aware that the charges against Plaintiff were allegedly false.   Plaintiff alleges only that he was arrested "based on a fictitious report made with malicious intent" by Officer Porch, without clarifying whether the other Defendants knew that the "report" was false.  (FAC at 5).   Similarly, Plaintiff does not explain how the letter allegedly sent by Investigator Stamply after Plaintiff's arrest was part of a conspiracy at all.  (Id. at 5, 15).

Plaintiff must show that individual Defendants conspired to deprive him of his constitutional rights.  Plaintiff must clearly describe the Defendants' agreement and what each individual Defendant did as a participant in the conspiracy.  See Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011) (requiring "sufficient allegations of underlying facts" showing the involvement of each defendant in the constitutional violation to state a claim).  Accordingly, the FAC must be dismissed with leave to amend.

**D.   Plaintiff Fails To State A Claim For Failure To Train Or Supervise**

Plaintiff asserts that "[i]t is constitutionally inadequate to have untrained or undertrained (police officers)" and that "[t]he government is under a duty to insure that it's [sic] law enforcement officers are adequately trained and supervised." (FAC at 6).  However, the FAC fails to allege sufficient facts to state a claim for failure to train or supervise.  Accordingly, the FAC must be dismissed with leave to amend.

"It is well-established that a governmental officer may be held liable for damages for constitutional wrongs engendered by his failure to adequately supervise or train his subordinates.  Similarly, a governmental entity may also be liable for due process violations which result from its failure to train its employees.  However, the inadequacy of police training may serve as a basis for liability under section 1983 or Bivens 'only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact.'"  Ting v. United States, 927 F.2d 1504, 1512 (9th Cir. 1991) (internal citations omitted) (quoting City of Canton v. Harris, 489 U.S.

378, 388, 109 S. Ct. 1197, 1204, 103 L. Ed. 2d 412 (1989)).  The Ninth Circuit has explained that a supervisor may be liable under section 1983 for his "own culpable action or inaction in the training, supervision, or control of his subordinates; for his acquiescence in the constitutional deprivation; or for conduct that showed a reckless or callous indifference to the rights of others."  Starr, 652 F.3d at 1208 (internal quotation marks omitted).  Such a claim must establish, however, either the supervisor's "personal involvement in the constitutional deprivation" or "a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation."  Id. at 1207.

Plaintiff cites several cases addressing the failure to train or supervise.  (FAC at 6).  He does not, however, allege any facts to support such a claim against the named Defendants.  The FAC fails to identify which Defendants knew of constitutional violations committed by their subordinates, what those Defendants specifically did or failed to do despite that knowledge, and how those Defendants' actions or inaction directly resulted in Plaintiff's injury.  Indeed, the FAC does not describe any role that the named Defendants had in training or supervision at all.  Accordingly, the FAC must be dismissed with leave to amend.

**E.   Plaintiff's Complaint Violates Federal Rule Of Civil Procedure 8**

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair

1  notice of what the . . . claim is and the grounds upon which it rests.'"

2  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 167

3  L. Ed. 2d 929 (2007).  Rule 8(e)(1) instructs that "[e]ach averment of

4  a pleading shall be simple, concise, and direct."  A complaint violates

5  Rule 8 if a defendant would have difficulty responding to the complaint.

6  Cafasso, U.S. ex rel. v. General Dynamics C4 Systems, Inc., 637 F.3d

7  1047, 1059 (9th Cir. 2011).

8

9      The FAC does not comply with the standards of Rule 8.  Plaintiff's

10 vague claims fail to clearly identify the nature of each individual

11 claim (i.e., false arrest, conspiracy, failure to train, etc.), the

12 incident(s) giving rise to each of those claims, and the specific

13 Defendants Plaintiff believes are liable for each of those separate

14 claims.  The FAC also contains confusing, unexplained allegations, such

15 as references to Officer Porch's "fictitious report" and Investigator

16 Stamply's "false signature," and numerous unnecessary case citations.

17 The FAC therefore fails to provide Defendants with fair notice of the

18 claims in a short, clear and concise statement.  See Twombly, 550 U.S.

19 at 555.  Accordingly, the FAC is dismissed with leave to amend.

20

21                              **IV.**

22                          **CONCLUSION**

23

24     For the reasons stated above, Plaintiff's FAC is dismissed with

25 leave to amend.  If Plaintiff still wishes to pursue this action, he is

26 granted **thirty (30) days** from the date of this Memorandum and Order

27 within which to file a Second Amended Complaint.  In any amended

28 complaint, the Plaintiff shall cure the defects described above.  The

Second Amended Complaint, if any, shall be complete in itself and shall bear both the designation "Second Amended Complaint" and the case number assigned to this action.  It shall not refer in any manner to the original Complaint or FAC.  Plaintiff shall limit his action only to those Defendants who are properly named in such a complaint, consistent with the authorities discussed above.  Furthermore, the Second Amended Complaint may not include new Defendants or claims not reasonably related to the allegations in the First Amended Complaint.

In any amended complaint, Plaintiff should confine his allegations to those operative facts supporting each of his claims.  Plaintiff is advised that pursuant to Federal Rule of Civil Procedure 8(a), all that is required is a "short and plain statement of the claim showing that the pleader is entitled to relief." **Plaintiff is strongly encouraged to utilize the standard civil rights complaint form when filing any amended complaint, <u>a copy of which is attached</u>.**  In any amended complaint, Plaintiff should identify the nature of each separate legal claim and make clear what specific factual allegations support each separate claim.  Plaintiff is strongly encouraged to keep his statements concise and to omit irrelevant details.  **It is not necessary for Plaintiff to cite case law or include legal argument.**  Plaintiff should not include case citations in any complaint.

**Plaintiff is explicitly cautioned that failure to timely file a Second Amended Complaint, or failure to correct the deficiencies described above, will result in a recommendation that this action be dismissed with prejudice for failure to prosecute and obey Court orders pursuant to Federal Rule of Civil Procedure 41(b). <u>Plaintiff is further</u>**

**advised that if he no longer wishes to pursue this action, he may voluntarily dismiss it by filing a Notice of Dismissal in accordance with Federal Rule of Civil Procedure 41(a)(1). A form Notice of Dismissal is attached for Plaintiff's convenience.**

DATED: September 21, 2011

/S/
_____
SUZANNE H. SEGAL
UNITED STATES MAGISTRATE JUDGE

13