NOTE CHANGES MADE BY THE COURT

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL L. CALDWELL,<br><br>Plaintiff,<br><br>V.<br><br>TORRANCE L. PORCH,<br>HERMAN STAMPLY, DET.<br>ARIAS, OFCR. JACKSON,<br><br>Defendants. | Case No.   CV-12 3129-JST(SS)<br>Honorable Josephine Staton Tucker<br>Suzanne H. Segal, United States<br>Magistrate<br>Revised Second Amended Complaint<br>Filed: October 21, 2012<br><br>[~~PROPOSED~~] PROTECTIVE ORDER<br><br>NOTE CHANGES MADE BY THE COURT |

The Court, having considered the Motion for Protective Order filed by Defendants, Vincent Arias and Bradley Jackson, and Plaintiff, Samuel L. Caldwell's opposition thereto, and having ordered the disclosure of citizen complaints against Vincent Arias of false arrest, false imprisonment, or conspiracy to commit false arrest or false imprisonment within the last five years prior to March 22, 2013, the Court now makes the following Protective Order:

///

1.  Plaintiff is prohibited from knowingly copying, duplicating, reproducing, or authorizing another to copy, duplicate, reproduce, the information disclosed from the officer's personnel files pursuant to the order for disclosure in this case, *except for use in this litigation* ~SHS~

2.  Plaintiff is prohibited from conveying, transferring, publishing, distributing, or authorizing another to convey, transfer, publish or distribute the information ordered disclosed from the officers' personnel files pursuant to the order for disclosure in this case, *except for use in this litigation* ~SHS~

3.  Use of the information disclosed from the officer's personnel files is limited to the instant civil action, and neither Plaintiff nor any other individual shall utilize it in any other criminal or civil proceeding.

4.  ~~Copies of the records may be used at the time of trial only if so ordered by the court. Additionally, reference to the content of any records, or the existence of any such record, shall only be made after so ordered by the court.~~ ~SHS~

5.  Any depositions during which the contents of the records are part of the testimony or copies of the records are ~~attached~~ as exhibits shall ~~be sealed.~~ *marked confidential* ~SHS~

6.  Within 30 days after completion of the judicial process in this case, the parties shall return the above-referenced records to the Office of the City Attorney as attorney for the Custodian of Records for the City of Hawthorne Police Department, and shall not retain any copies of any such materials in any form.

7.  Attorneys for the parties or parties *in pro per* shall cause the substance of this Order to be communicated to each person to whom the information is revealed in accordance with this Order, and shall maintain a log identifying each person to whom such information is revealed, their role or function in this litigation, and the date of such disclosure as set forth in the Disclosure Log attached to this Order.

*[Margin annotation: Magistrate Judge may not issue orders governing trial by District Judge. SHS]*

8. Use of the information ordered disclosed from the officers' personnel files is limited to Plaintiff in this case, and to any experts or investigators employed by Plaintiff, and nobody shall disclose it, either in writing or orally, to persons not having a need to, or access to, (including the media), the disclosed material for any purpose whatsoever, including for the purposes of preparing this matter for trial.

9. All documents produced by Defendant in response to the Court's March 22, 2013, Order, and any documents or information derived therefrom, shall be considered "Confidential - Attorneys' Eyes or *In Pro Per* Parties Only" Documents.

10. All documents produced by Defendant in response to the Court's March 22, 2013, Order, and any documents or information derived therefrom, shall be maintained by Plaintiff in secure location ~~that is inaccessible to others~~. [handwritten: SHS] [handwritten margin: Not possible given plaintiff's housing custody.]

11. All documents produced by Defendant in response to the Court's March 22, 2013, Order, and any documents or information derived therefrom, considered "Confidential-Attorneys' Eyes or *In Pro* Per Parties Only," shall be viewed or disclosed only as necessary in this matter and only to the following persons under the following conditions:

   a. Plaintiff or his attorney(s);

   b. Experts - No disclosure to experts shall occur until after the expert has signed a copy of the declaration attached hereto as Exhibit "A" under penalty of perjury indicating the expert will abide by the protective order, the expert's signed declaration has been served on counsel for the opposing party, and the expert's signed declaration has been filed with the Court; and,

   c. Court – No confidential document or any documents or information derived therefrom, shall be disclosed publically to the Court. ~~Any disclosure to the Court shall be in camera, absent a prior written stipulation with opposing~~

~~counsel and pursuant to Court order.~~ *without application* ~~an application~~ *pursuant to L.R. 79-5.*

12. Court Filings – No disclosure of any " Confidential - Attorneys' Eyes or *In Pro Per* Parties Only" document or any documents or information derived therefrom, shall be filed with the Court ~~without a prior Court order~~. If the Court grants a party permission to file a "Confidential-Attorneys' Eyes or *In Pro Per* Parties Only" item under seal with the Court, the parties shall meet and confer as to the filing of a duplicate copy of the document in order to identify any non-confidential information that may be filed and made part of the public record. Such duplicate documents containing non-confidential information shall be titled to show that it corresponds to an item filed under seal, e.g., "Redacted Copy of Sealed Declaration of John Smith in Support of Motion for Summary Judgment." The sealed and redacted documents shall be filed simultaneously.

13. Court/Trial Exhibits – No disclosure of any "Confidential-Attorneys' Eyes Only" document or any documents or information derived therefrom, shall be given to any juror to review, used for any purpose during trial, or introduced into evidence without prior written stipulation with opposing counsel ~~and pursuant to Court order~~. In the event that any " Confidential - Attorneys' Eyes or *In Pro Per* Parties Only " Discovery Material is allowed by the Court to be used in any court proceeding in this action, it shall not lose its status as " Confidential - Attorneys' Eyes or *In Pro Per* Parties Only " Discovery Material through such use. Counsel shall confer on such procedures as are necessary to protect the confidentiality of any documents, information, and transcripts used in the course of any such court proceedings with Court permission.

14. If any third party serves a subpoena or other process or request seeking to review any information designated as " Confidential - Attorneys' Eyes or *In Pro Per* Parties Only " the party to whom the demand is made (the "Recipient") shall inform the producing party's counsel immediately in writing

1  and shall not permit inspection by or product to any third party on the grounds of
2  the existence of this Order unless otherwise ordered by a court.

3      15.   This Order shall survive the final termination of this action and the
4  Court shall retain jurisdiction to resolve any dispute concerning the use of the
5  information disclosed hereunder.

6      16.   The Court may amend or modify this Order in the interests of justice
7  or for public policy reasons at any time.

9  Dated: ~~March~~ June 4, 2013        Respectfully submitted,
10                                                               KUNLE ADERONMU, City Attorney

12                                     By:_____
13                                           Alison Stevens, Esq.
                                            Attorneys for Defendants,
14                                             Vincent Arias and Bradley Jackson

## ORDER

For GOOD CAUSE SHOWN AND AS MODIFIED,
**IT IS SO ORDERED.**

Dated: 6/4/13        By: _/s/ Jeannette Segal_
Suzanne H. Segal
United States Magistrate

## DISCLOSURE LOG

| | **NAME** | **COMPANY** | **ROLE** | **DATE** |
|---|---|---|---|---|
| 1. | | | | |
| 2. | | | | |
| 3. | | | | |
| 4. | | | | |
| 5. | | | | |
| | | | | |

# EXHIBIT A
## DECLARATION OF COMPLIANCE

I, _____, under penalty of perjury under the laws of the United States of America, declare and state as follows:

I reside in the City/County of _____, and State of _____.

I have read the annexed Protective Order ("Order") dated _____, 2013 in the action entitled *Samuel L. Caldwell v. Torrance L. Porch, et al*, Case No. CV-12-3129JST(SS) which is currently pending in the United States District Court, Central District of California.

I am familiar with and agree to comply with and be bound by the provision of that Order, and I will not divulge to persons other than those specifically authorized by the Order, and will copy or use except solely for the purpose of this litigation, any Discovery Material designated as "*Confidential - Attorneys' Eyes or In Pro Per Parties Only.*"

I consent to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing said Order, enjoining any anticipated violation of the Order or seeking damages for the breach of said Order.

Dated: _____  _____
(Signature)