# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL L. CALDWELL, | CASE NO.: CV-12-03129-JST (SS) |
| Plaintiff, | *Complaint Filed: April 10, 2012* |
| vs. | |
| TORRANCE L. PORCH, HERMAN STAMPLY, DET. ARIAS, OFFICER JACKSON, | **PROTECTIVE ORDER, DISCLOSURE LOG, EXHIBIT A** |
| Defendants. | |

The Court, having considered the Motion to Compel filed by plaintiff Samuel L. Caldwell, and having ordered defendant HERMAN STAMPLEY to produce documents response to Categories 1 to 4 and 11 and to respond to Categories 2, 3, and 4 as though they were interrogatories, now makes the following Protective Order:

///

///

1. Plaintiff is prohibited from knowingly copying, duplicating, reproducing, or authorizing another to copy, duplicate, reproduce, the information disclosed from the officer's personnel files pursuant to the order for disclosure in this case, except for use in this litigation.

2. Plaintiff is prohibited from conveying, transferring, publishing, distributing, or authorizing another to convey, transfer, publish or distribute the information ordered disclosed pursuant to the order for disclosure in this case, except for use in this litigation.

3. Use of the information disclosed by Stampley is limited to the instant civil action, and neither Plaintiff nor any other individual shall utilize it in any other criminal or civil proceeding.

4. Any depositions during which the contents of the records are part the testimony or copies of the records are attached as exhibits shall be marked confidential.

5. Within 30 days after completion of the judicial process in this case, the parties shall return the above-referenced records to Patricia A. Lynch, Declues, Burkett & Thompson, LLP, as attorneys for the Custodian of Records for the Compton Unified School District Police, and shall not retain any copies of any such materials in any form.

6. Attorneys for the parties or parties in pro per shall cause the substance of this Order to be communicated to each person to whom the information is revealed in accordance with this Order, and shall maintain a log identifying each person to whom such information is revealed, their role or function in this litigation, and the date of such disclosure as set forth in the Disclosure Log attached to this Order.

7. Use of the information ordered disclosed is limited to Plaintiff in this case, and to any experts or investigators employed by Plaintiff in this case, and to any experts or investigators employed by Plaintiff, and nobody shall disclose it, either in writing or orally, to persons not having a need to, or access to, (including the media), the disclosed material for any purpose whatsoever, including for the purposes of preparing this matter for trial.

8. All documents produced by Defendant in response to the Court's June 4, 2013 Order, and any documents or information derived therefrom, shall be considered "Confidential-Attorneys' Eyes or *In Pro Per* Parties Only" Documents.

9. All documents produced by Defendant in response to the Court's June 4, 2013 Order, and any documents or information derived therefrom, shall be maintained by Plaintiff in a secure location.

10. All documents produced by Defendant in response to the Court's June 4, 2013 Order, and any documents or information derived therefrom, considered "Confidential-Attorneys' Eyes or *In Pro Per* Parties Only," shall be viewed or disclosed only as necessary in this matter and only to the following persons under the following conditions:

   a. Plaintiff or his attorney(s);

   b. Experts - No disclosure to experts shall occur until after the expert has signed a copy of the declaration attached hereto as Exhibit "A" under penalty of perjury indicating the expert will abide by the protective order, the expert's signed declaration has been served on counsel for the opposing party, and the expert's signed declaration has been filed with the Court; and,

   c. Court - No confidential document or any documents or information derived therefrom, shall be disclosed publically to the Court.

11. Court Filings - No disclosure of any "Confidential-Attorneys' Eyes or I*n Pro Per* Parties Only" document or any documents or information derived therefrom, shall be filed with the Court without an application pursuant to L.R. 79-5. If the Court grants a party permission to file a "Confidential-Attorney's Eyes or *In Pro Per* Parties Only" item under seal with the Court, the parties shall meet and confer as to the filing of a duplicate copy of the document in order to identify any non-confidential information that may be filed and made part of the public record. Such duplicate documents containing non-confidential information shall be titled to show that it corresponds to an item under seal, e.g., "Redacted Copy of Sealed Declaration of John Smith in Support of Motion for Summary Judgment." The sealed and redacted documents shall be filed simultaneously.

12. Court/Trial Exhibits - No disclosure of any "Confidential-Attorneys' Eyes Only" document or any documents or information derived therefrom, shall be given to any juror to review, used for any purpose during trial, or introduced into evidence without prior written stipulation with opposing counsel.  In the event that any "Confidential-Attorneys' Eyes or *In Pro Per* Parties Only" Discovery Material is allowed by the Court to be used in any court proceeding in this action, it shall not lose its status as "Confidential-Attorneys' Eyes or *In Pro Per* Parties Only" Discovery Material through such use.  Counsel shall confer on such procedures as are necessary to protect the confidentiality of any documents, information, and transcripts used in the course of any such court proceedings with Court permission.

13. If any third party serves a subpoena or other process or request seeking to review any information designated as "Confidential-Attorneys' Eyes or *In Pro Per* Parties Only" the party to whom the demand is made (the "Recipient") shall inform the producing party's counsel immediately in writing and shall not permit inspection by or product to any third party on the grounds of the existence of this Order unless otherwise ordered by a court.

14. This Order shall survive the final termination of this action and the Court shall retain jurisdiction to resolve any dispute concerning the use of the information disclosed hereunder.

15. The Court may amend or modify this Order in the interests of justice or for public policy reasons at any time.

Dated:  June 10, 2013            **DECLUES, BURKETT & THOMPSON, LLP**


BY:  _____//s//_____
        J. MICHAEL DECLUES
        PATRICIA A. LYNCH
        Attorneys for Defendant
        HERMAN STAMPLEY, a public employee

1 

## ORDER

2   For good cause shown and as modified,

3   **IT IS SO ORDERED.**

4

5   Dated: 6/17/13          By: _____/S/_____

6                                                    Suzanne H. Segal
                                                     United States Magistrate

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# DISCLOSURE LOG

| | **NAME** | **COMPANY** | **ROLE** | **DATE** |
|---|---|---|---|---|
| 1. | | | | |
| 2. | | | | |
| 3. | | | | |
| 4. | | | | |
| 5. | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

EXHIBIT A

DECLARATION OF COMPLIANCE

I, _____, under penalty of perjury under the laws of the United States of America, declare and state as follows:

I reside in the City/County of _____, and State of _____.

I have read the annexed Protective Order ("Order") dated _____, 2013 in the action entitled *Samuel L. Caldwell v. Torrance L. Porch, et al.*, Case No. CV-12-3129JST(SS) which is currently pending in the United States District Court, Central District of California.

I am familiar with and agree to comply with and be bound by the provision of that Order, and I will not divulge to persons other than those specifically authorized by this Order, and will copy or use except solely for the purpose of this litigation, any Discovery Material designated as "Confidential-Attorneys' Eyes or *In Pro Per* Parties Only".

I consent to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing said Order, enjoining any anticipated violation of the Order or seeking damages for the breach of said Order.

Dated: _____                    _____
                                                                    (Signature)

7
[Proposed] Protective Order - Case No. CV-12 3129-JST(SS)  Suzanne H. Segal, United States Magistrate

**PROOF OF SERVICE**
**(C.C.P. section 1013a(3))**

STATE OF CALIFORNIA    )
                       ) SS.
COUNTY OF ORANGE       )

I am over the age of 18 and I am not a party to the within action. I am employed by **DECLUES, BURKETT & THOMPSON, LLP,** in the County of Orange, at 17011 Beach Blvd., Ste. 400, Huntington Beach, California, 92647-5995.

On **June 10, 2013**, I served the attached: **[PROPOSED] PROTECTIVE ORDER, DISCLOSURE LOG, EXHIBIT A**

on the interested parties in this action by:

XX   Placing true copies thereof in sealed envelopes, addressed as described below.

   **SEE ATTACHED MAILING LIST**

XX   BY MAIL: I am "readily familiar" with and follow the firm's practice of collection and processing correspondence for mailing. Under that practice, it is deposited with the United States Postal Service on that same day, with postage thereon fully prepaid at Huntington Beach, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing an affidavit.

   BY PERSONAL SERVICE: I caused such an envelope to be delivered by hand to the offices of the addressees.

   BY FEDERAL EXPRESS (Receipt/Airbill No.: _____)

   BY FACSIMILE TRANSMISSION: From FAX NO. (714) 843-9452 to FAX No.: _____ at or about Time, directed to Name. The facsimile machine I used complied with Rule 2003(3), and no error was reported by the machine. Pursuant to Rule 2005(I), I caused the machine to print a record of the transmission, a copy of which is attached to this declaration.

XX   FEDERAL: I declare I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

I declare, under penalty of perjury under the laws of the State of California and the United States of America, that the above is true and correct.

Executed on **June 10, 2013**, at Huntington Beach, California.

        //ss//
        SANDRA WEST

# ATTACHED MAILING LIST

Samuel L. Caldwell
CDCR #AK-6440
California Rehabilitation Center
Dorm - 101-18Up
Po Box 1841
Norco, CA 92680

**Plaintiff In Pro Se**

Kunle Aderonmu
City Attorney
Alison Stevens
Assistant City Attorney
City Of Hawthorne
4455 W. 126th Street
Hawthorne, CA 90250
Tel. (310) 349-2960
Fax. (310) 978-9861

**Attorneys for Defendants,
Vincent Arias and Bradley Jackson**

Torrance Porch
500 S. Santa Fe Avenue
Compton, CA 90221
(310) 604-6578

**Defendant In Pro Se**